# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THOMAS WALTER CLARK,<br><br>                    Petitioner,<br><br>v.<br><br>GEORGE JAIME, Warden<br><br>                    Respondent. | Case No.: 20cv0422-LAB (AHG)<br><br>**ORDER DISMISSING CASE WITHOUT PREJUDICE** |

Petitioner has filed a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 but has failed to pay the $5.00 filing fee or submit a request to proceed in forma pauperis. (ECF No. 1.) The Petition is subject to dismissal without prejudice due to Petitioner's failure to satisfy the filing fee requirement and failure to state a cognizable federal habeas claim.

## **FAILURE TO SATISFY FILING FEE REQUIREMENT**

Because this Court cannot proceed until Petitioner has either paid the $5.00 filing fee or qualified to proceed in forma pauperis, the Court **DISMISSES** the case without prejudice. To have this case reopened, Petitioner must submit, **no later than May 11, 2020,** a copy of this Order with the $5.00 fee or with adequate proof of his inability to pay the fee.

/ / /

# **FAILURE TO STATE A COGNIZABLE HABEAS CLAIM**

Title 28, United States Code, § 2254(a), sets forth the following scope of review for federal habeas corpus claims:

> The Supreme Court, a Justice thereof, a circuit judge, or a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States.

28 U.S.C. § 2254(a) (emphasis added).

Thus, to present a cognizable federal habeas corpus claim under § 2254, a state prisoner must allege both that he is in custody pursuant to a "judgment of a State court," and that he is in custody in "violation of the Constitution or laws or treaties of the United States." See 28 U.S.C. § 2254(a). In addition, Rule 2(c) of the Rules Governing Section 2254 Cases states that the petition must "specify all grounds for relief available to the petitioner [and] state the facts supporting each ground." Rule 2(c), 28 U.S.C. foll. § 2254.

The Petition here presents two claims. In the section of the petition form requesting a statement of the grounds for relief in claim one, Petitioner merely states: "Assembly Bill Number 2942," and in the section requesting a statement of facts supporting that claim he states: "See Attached Motion/Documentation." (ECF No. 1 at 6.) In the section requesting a statement of the ground for relief in claim two he states: "Discovery-Penal Code Section 1054.9," and in the section of the form requesting a statement of facts supporting that claim he states: "See Attached Motion/Documentation." (Id. at 7.)

The documents attached to the Petition supporting claim one indicate that Petitioner's state court motion "appears to be a request for resentencing pursuant to Senate Bill 620. . . . Petitioner appears to assert that he is entitled to retroactive relief pursuant to Senate Bill 620; however, his legal reasoning is heavily disjointed and unclear. Petitioner also attaches, without context, various unauthenticated exhibits that appear to be related [to] his underlying case and/or Petitioner's medical treatment." (Id. at 31.) Although a federal habeas petitioner can in some circumstances rely on documents attached to his

petition to supply a *factual basis* for his claims, see Ross v. Williams, __F.3d__, No. 16-16533, 2020 WL 878518 at *8 (9th Cir. Feb. 24, 2020), in order to satisfy Rule 2(c), Petitioner must identify grounds for relief which point to a "real possibility of constitutional error." Blackledge v. Allison, 431 U.S. 63, 75 n.7 (1977). Facts and claims must be stated, in the petition, with sufficient detail to enable the Court to determine, from the face of the petition, whether further habeas corpus review is warranted. Adams v. Armontrout, 897 F.2d 332, 334 (8th Cir. 1990). Moreover, the allegations should be sufficiently specific to permit the respondent to assert appropriate objections and defenses. Harris v. Allen, 739 F. Supp. 564, 565 (W.D. Okla. 1989).

Petitioner has violated Rule 2(c) by failing to identify the grounds for relief as to claim one in the Petition, but relying instead on attached state court documents, many of which do not appear to be relevant to his claim and which indicate the state court itself was unsure of the legal basis of his claim. This Court would have to engage in a tenuous analysis in order to attempt to identify and make sense of the Petition and its attachments with respect to claim one. The manner claim one is presented prevents Respondent from being able to assert appropriate objections and defenses and prevents the Court from determining whether further habeas corpus review is warranted. With respect to claim one, therefore, the Petition is subject to dismissal without prejudice for failure to "specify all grounds for relief available to the petitioner [and] state the facts supporting each ground." Rule 2(c), 28 U.S.C. foll. § 2254; see also Boehme v. Maxwell, 423 F.2d 1056, 1058 (9th Cir. 1970) (affirming trial court's dismissal of federal habeas petition where petitioner made conclusory allegations instead of factual allegations showing he was entitled to relief). Should Petitioner decide to file an amended petition, he is advised to clearly and succinctly state the grounds for relief using the First Amended Petition form sent to Petitioner with this Order.

It is also clear claim two does not present a cognizable federal habeas claim. Petitioner references the state court denial of his motion for post-conviction discovery in which he sought state court documents which he apparently intended to use to challenge

his plea agreement. (See ECF No. 1 at 7, 25-29.) A claim based on denial of discovery in state court does not state a cognizable federal habeas claim. See Weatherford v. Bursey, 429 U.S. 545, 559 (1977) ("There is no general constitutional right to discovery in a criminal trial.") In addition, to the extent Petitioner merely speculates that the discovery sought might be used to challenge his guilty plea, he does not state a cognizable habeas claim. See Nettles v. Grounds, 830 F.3d 922, 933 (9th Cir. 2016) (en banc) (holding that if success on claim would not necessarily result in immediate or speedier release from confinement it does not lie within "the core of habeas" and must be pursued if at all under 42 U.S.C. § 1983). Although the Court has discretion under limited circumstances to construe claim two as presenting a § 1983 claim, see id. at 935-36, the Court declines to do so based on Petitioner's failure to present any grounds in the Petition supporting this claim. See Dist. Attorney's Office for Third Judicial Dist. v. Osborne, 557 U.S. 52, 69 (2009) (holding that even under 42 U.S.C. § 1983 "[f]ederal courts may upset a State's postconviction [discovery] procedures only if they are fundamentally inadequate to vindicate the substantive rights provided.")

**CONCLUSION AND ORDER**

The Petition is **DISMISSED** without prejudice for failure to satisfy the filing fee requirement and failure to state a cognizable federal habeas claim in the body of the Petition. If Petitioner wishes to proceed with this action he must, **on or before May 11, 2020**, either pay the $5.00 filing fee or submit an application to proceed in forma pauperis **and** file a First Amended Petition which cures the defects of pleading identified in this Order. The Clerk of Court will send a blank Southern District of California In Forma Pauperis application and a blank Southern District of California amended 28 U.S.C. § 2254 habeas petition form to Petitioner along with a copy of this Order.

**IT IS SO ORDERED.**

Dated: March 10, 2020

*[signature: Larry A. Burns]*

Hon. Larry Alan Burns
Chief United States District Judge